# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## PARKERSBURG DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              CRIMINAL ACTION NO. 6:08-cr-00220

QUENTIN DEVAUGHN DAVIS,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

The Court has reviewed the Defendant's motion (Document 40), brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce the Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated to proceed under the Standard Procedure. (Document 41) The Court has since received materials submitted by the Probation Office and the parties relative to the motion.

The Defendant was originally sentenced to a term of seventy (70) months in prison. (Document 31). At the time of his original sentencing, the Defendant's attributable relevant conduct was 33.7 grams of crack cocaine, which produced a base offense level of twenty-six (26). Defendant

also received a three-level reduction for acceptance of responsibility, for a total offense level of twenty-three (23). With a criminal history category of IV, Defendant's guideline range was seventy (70) to eighty-seven (87) months in prison. Applying the new Sentencing Guidelines, and attributing the relevant conduct of 33.7 grams of crack cocaine to this Defendant, the resulting base offense level is twenty-six (26) and the total offense level is twenty-three (23). Thus, Defendant's guideline range remains unchanged. In their respective written responses, both the United States and the Defendant acknowledge that the Defendant is not eligible for a sentence reduction. (Documents 43 and 44). For the reasons stated herein, the Court **ORDERS** that the § 3582 Motion (Document 40) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshals.

ENTER: December 29, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA